CHRISTOPHER JOSEPH DESALVA (SBN 172209)
LAW OFFICE OF CHRISTOPHER JOSEPH DESALVA
45-902 Oasis Street, Suite D, Indio, CA 92201
Telephone: (760) 447-0031 | Email: desalvalaw@gmail.com

Attorney for Petitioner
CRISTHIAN FERNEY AGUIRRE SANCHEZ

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA — EASTERN DIVISION**

| | |
|---|---|
| CRISTHIAN FERNEY AGUIRRE SANCHEZ, (A245-768-556),<br><br>Petitioner,<br><br>vs.<br><br>FERETI SEMAIA, Warden, Adelanto ICE Processing Center; JAIME RIOS, Field Office Director, U.S. Immigration and Customs Enforcement, Los Angeles Field Office; DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, Attorney General of the United States,<br><br>Respondents. | Case No.: 5:26-cv-____________<br><br>**VERIFIED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241; REQUEST FOR ORDER TO SHOW CAUSE WITHIN THREE (3) DAYS; DECLARATORY RELIEF**<br><br>**IMMEDIATE RELEASE REQUESTED** |

# I. INTRODUCTION

1. Petitioner CRISTHIAN FERNEY AGUIRRE SANCHEZ (A245-768-556), a 33-year-old citizen of Colombia, has been detained by U.S. Immigration and Customs Enforcement ("ICE") at the Adelanto ICE Processing Center since August 24, 2026 — nine (9) days as of September 2, 2026 — without notice, without a statement of reasons, without any finding of changed circumstances, and without any hearing of any kind.

2. The Government itself set Petitioner free. On January 28, 2024, the Department of Homeland Security ("DHS") issued Petitioner a Form I-220A, Order of Release on Recognizance, releasing him "[i]n accordance with section 236 of the Immigration and Nationality Act" (INA § 236, 8 U.S.C. § 1226) on stated conditions, and directed him to report to the ICE Los Angeles Field Office (Ex. A). DHS placed him in removal proceedings under INA § 240 before the Los Angeles Immigration Court (Ex. B). For the next thirty-one months Petitioner lived openly in Southern California under those conditions: he reported to ICE as directed, appeared in his immigration case, pursued his application for asylum and withholding of removal (Ex. C), married (Ex. D), obtained a California driver's license and a Colombian passport issued by the Consulate in Los Angeles (Ex. F), and supported his wife and two young daughters (Ex. E).

3. On August 23, 2026, local police stopped Petitioner's vehicle and arrested him on suspicion of driving under the influence. No criminal complaint has been filed. He has not been convicted of anything. Rather than release him, the police handed him to ICE, which on August 24, 2026 transported him to Adelanto and has held him there since. ICE never told Petitioner that his January 2024 release was revoked, never told him why, never found that he had violated any condition of release, never found that he poses a danger or a risk of flight, and never afforded him an opportunity to be heard before or after locking him up.

4. That is unconstitutional. A noncitizen whom DHS has released under 8 U.S.C. § 1226(a) has a protected liberty interest in remaining free, and the Due Process Clause does not permit the Government to revoke that liberty on the strength of a bare arrest

report, with no notice and no hearing. This Court has already so held on materially identical facts involving this same facility. Perez Bueno v. Janecka, No. 5:25-cv-03376-CAS-BFM (C.D. Cal. Feb. 5, 2026) (ordering release of an Adelanto detainee who had been released on Form I-220A in 2024 and re-detained without a hearing). And a court of this Circuit has ordered release on precisely this trigger — a DUI arrest, without conviction, of a recognizance releasee. Vargas Monsalve v. Chestnut, No. 1:26-cv-00626-DAD-CKD (E.D. Cal. Jan. 29, 2026).

5. Petitioner's detention is also unlawful as a matter of statute. Because he was arrested in the interior of the United States, has no criminal conviction, and was released by DHS under § 1226, his custody is governed by INA § 236(a), 8 U.S.C. § 1226(a), which requires an individualized custody determination. Any effort to re-label him a § 1225(b)(2) "applicant for admission" subject to mandatory detention is foreclosed by the Ninth Circuit's published decision in Rodriguez Vazquez v. Bostock, No. 25-6842 (9th Cir. July 30, 2026), by Jennings v. Rodriguez, 583 U.S. 281 (2018), and by the declaratory judgment in Maldonado Bautista v. Santacruz, No. 5:25-cv-01873-SSS-BFM (C.D. Cal. Dec. 18, 2025), which remains in force in this District.

6. Petitioner therefore respectfully requests that this Court issue an Order to Show Cause returnable within three (3) days, issue the writ, and order his IMMEDIATE RELEASE — or, in the alternative, his release on conditions no more restrictive than those DHS imposed on January 28, 2024 — together with declaratory relief, an order that he not be re-detained absent notice and a pre-deprivation hearing, the return of his property, and attorney's fees under the Equal Access to Justice Act, to be sought by separate motion.

## II. JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction under 28 U.S.C. § 2241(a) and (c)(3), which authorize the federal courts to grant writs of habeas corpus to persons held in custody in violation of the Constitution or laws of the United States. See Hernandez v. Sessions, 872 F.3d 976, 987 (9th Cir. 2017). Nothing in 8 U.S.C. § 1226(e) bars review

of the constitutional claims and questions of law presented here. Id.; Demore v. Kim, 538 U.S. 510, 516–17 (2003). Jurisdiction also arises under 28 U.S.C. § 1331, Article I, § 9, cl. 2 of the Constitution (Suspension Clause), 28 U.S.C. §§ 2201–2202 (declaratory relief), and 5 U.S.C. §§ 701–706. Petitioner does not challenge any order of removal; none exists.

8. Venue is proper in the Central District of California, Eastern Division, under 28 U.S.C. § 2241(d) and § 1391(e) because Petitioner is physically detained at the Adelanto ICE Processing Center, Adelanto, San Bernardino County, California, within this District and Division, and his immediate custodian is located here.

## III. PARTIES

9. Petitioner CRISTHIAN FERNEY AGUIRRE SANCHEZ is a native and citizen of Colombia, born March 27, 1993, in Bogotá. He entered the United States on or about January 27, 2024, at or near San Luis, Arizona, was processed by U.S. Customs and Border Protection ("CBP"), and was released by DHS on his own recognizance on January 28, 2024 (Exs. A, B). He has since resided continuously in Los Angeles and Orange Counties, California. He is currently detained at the Adelanto ICE Processing Center, 10250 Rancho Road, Adelanto, CA 92301.

10. Respondent FERETI SEMAIA is the Warden of the Adelanto ICE Processing Center and Petitioner's immediate custodian. He is sued in his official capacity.

11. Respondent JAIME RIOS is the Field Office Director of the ICE Los Angeles Field Office, with authority over Petitioner's custody. He is sued in his official capacity.

12. Respondent DAVID VENTURELLA is the Acting Director of ICE, 500 12th Street SW, Washington, DC 20536. He is sued in his official capacity.

13. Respondent MARKWAYNE MULLIN is the Secretary of the U.S. Department of Homeland Security, 2707 Martin Luther King Jr. Avenue SE, Washington, DC 20528. He is sued in his official capacity.

14. Respondent TODD BLANCHE is the Attorney General of the United States, 950 Pennsylvania Avenue NW, Washington, DC 20530, with supervisory authority over

the Executive Office for Immigration Review ("EOIR"). He is sued in his official capacity.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES IS NOT REQUIRED AND WOULD BE FUTILE

15. No statute requires exhaustion of administrative remedies before a § 2241 challenge to immigration detention. Any prudential exhaustion requirement is waivable and is excused here. Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (exhaustion of this kind is prudential, not jurisdictional). Waiver is appropriate where administrative remedies are inadequate or not efficacious, where irreparable injury may occur, or where exhaustion would be futile. Laing v. Ashcroft, 370 F.3d 994, 1000–01 (9th Cir. 2004). Each day of unlawful detention is a distinct and irreparable constitutional injury that no administrative process can remedy in time.

16. Exhaustion would also be futile and inadequate as a matter of demonstrated fact. First, Petitioner's core claim is that the Government deprived him of liberty without a pre-deprivation hearing; a bond hearing held only after he has been jailed cannot cure that violation. Haile v. Marrero, No. 3:26-cv-00944-RBM-MMP (S.D. Cal. Mar. 3, 2026); Perez Bueno, No. 5:25-cv-03376. Second, the Board of Immigration Appeals continues to hold that Immigration Judges lack jurisdiction even to consider bond for noncitizens whom DHS designates as "applicants for admission," Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), reaffirmed in Matter of N-A-G-C-, 29 I&N Dec. 662 (BIA 2026), and the Immigration Judges sitting at Adelanto apply that precedent categorically. District courts in this Circuit have therefore waived exhaustion for precisely this reason. Cerro Huerta v. Bondi, No. 1:25-cv-00941-JLT-HBK (E.D. Cal. Jan. 9, 2026), adopted (Feb. 9, 2026); Romero Sanchez v. LaRose, No. 3:25-cv-03136-JLS-JLB (S.D. Cal. Nov. 24, 2025). Third, the constitutional and statutory questions presented are ones the agency has no authority to resolve.

## V. FACTUAL BACKGROUND

### A. Entry, Notice to Appear, and Release on Recognizance Under INA § 236

17. Petitioner arrived at the southwest border at or near San Luis, Arizona, on or about January 27, 2024, and presented himself to CBP, expressing a fear of returning to Colombia. On January 28, 2024, CBP served him with a Form I-862, Notice to Appear, charging him under INA § 212(a)(6)(A)(i) as a noncitizen present in the United States without admission or parole, and ordering him to appear before the Los Angeles Immigration Court at 606 South Olive Street, Los Angeles (Ex. B). The Notice to Appear placed him in removal proceedings under INA § 240, 8 U.S.C. § 1229a — not in expedited removal under § 235(b)(1).

18. The same day, DHS — through Acting Patrol Agent in Charge David L. Barrientos, CBP Yuma Sector — issued Petitioner a Form I-220A, Order of Release on Recognizance (Ex. A). The order states: “You have been arrested and placed in removal proceedings. In accordance with section 236 of the Immigration and Nationality Act and the applicable provisions of Title 8 of the Code of Federal Regulations, you are being released on your own recognizance provided you comply with the following conditions.” The conditions were that Petitioner report for any hearing or interview as directed by DHS or EOIR; surrender for removal if so ordered; report in person to ICE as indicated on the attached Form G-56; not change his residence without written permission; not violate any local, State, or Federal law; assist DHS in obtaining travel documents; and refrain from unauthorized employment. The accompanying Form G-56 directed him to report to the ICE Los Angeles office within sixty days for “continued processing and consideration for enrollment in ATD” (Ex. A).

19. By releasing Petitioner under § 236 on his own recognizance, DHS necessarily determined that his release posed no danger to persons or property and that he was likely to appear for future proceedings. See 8 C.F.R. § 236.1(c)(8). DHS did not designate him an “applicant for admission” subject to mandatory detention, did not detain him under INA § 235(b), and did not require a bond.

**B. Thirty-One Months of Liberty and Compliance**

20. Petitioner reported to the ICE Los Angeles Field Office as the G-56 directed and has remained in contact with ICE and EOIR since. From January 2024 through August 2026 he lived at a fixed address known to the Government, first in Los Angeles and later in Buena Park and Anaheim, Orange County (Ex. F). At no time before August 24, 2026 did DHS notify Petitioner that he had violated any condition of his release, seek to revoke his release, or take him into custody.

**C. Pending Application for Asylum and Withholding of Removal**

21. Petitioner's application for asylum and withholding of removal (Form I-589) is pending in his removal proceedings before the Los Angeles Immigration Court; EOIR processed the required application fee on April 17, 2026 (Ex. C). He has appeared in those proceedings and intends to continue to do so. His detention at Adelanto, some ninety miles from the court and from his family and counsel, obstructs the preparation of that claim.

**D. Family, Residence, and Community Ties**

22. On March 27, 2025, Petitioner married Diana Melisa García Gómez in Los Angeles County; the marriage was registered by the Registrar-Recorder/County Clerk on April 7, 2025 (Ex. D). He is the father of two young daughters, Heily Valeria and Linda Salomé Aguirre García (Ex. E). Petitioner holds a California driver's license and a Colombian passport issued by the Consulate General of Colombia in Los Angeles on June 20, 2024 (Ex. F). His wife, his home, his immigration case, and his entire life in the United States are in Southern California. He also suffers from a spinal injury for which he was receiving ongoing medical treatment at the time of his arrest.

**E. The August 23–24, 2026 Arrest and Transfer to ICE**

23. On August 23, 2026, local police officers stopped Petitioner's vehicle and arrested him on suspicion of driving under the influence. Petitioner was not charged; as of the date of this Petition no criminal complaint has been filed, no court proceeding is pending, and there has been no conviction, plea, or admission of any kind. Instead of

releasing Petitioner in the ordinary course, the arresting agency turned him over to ICE. On August 24, 2026, ICE took Petitioner into immigration custody and transported him to the Adelanto ICE Processing Center.

24. At no point did ICE serve Petitioner with a notice that his January 28, 2024 release was being revoked, a statement of reasons, a Form I-286 Notice of Custody Determination, or a warrant of arrest. No ICE officer made or communicated any finding that Petitioner had violated a condition of his release, that he posed a danger to the community, that he presented a risk of flight, or that any circumstance had materially changed since DHS released him. Petitioner was given no opportunity to respond before he was jailed and has been given none since.

**F. No Criminal History; No Custody Determination; Detention Count**

25. Petitioner has no criminal convictions anywhere, no prior removal or deportation orders, no reinstated order, and no pending criminal case. Mandatory detention under 8 U.S.C. § 1226(c) therefore cannot apply: it is triggered by specified convictions and conduct, none of which is present, and an unadjudicated arrest for misdemeanor driving under the influence is not among them. See Vargas Monsalve, No. 1:26-cv-00626, slip op. at 3 n.1. As of the date of this Petition, Petitioner has received no bond hearing and no individualized custody review of any kind, and has been detained for nine (9) days.

## VI. LEGAL FRAMEWORK

26. Section 1226(a) governs. INA § 236(a), 8 U.S.C. § 1226(a), governs the arrest and detention of noncitizens taken into custody in the interior of the United States pending removal proceedings, and authorizes release on recognizance or bond after an individualized determination. INA § 235(b), 8 U.S.C. § 1225(b), by contrast, addresses applicants for admission at the border and ports of entry. Jennings v. Rodriguez, 583 U.S. 281, 297, 303 (2018) (§ 1225(b) "applies primarily to aliens seeking entry"; § 1226 "applies to aliens already present in the United States"). The Ninth Circuit has now squarely held that noncitizens present without admission who are apprehended in the

interior are not subject to mandatory detention under § 1225(b)(2)(A) and are instead detained, if at all, under § 1226(a). Rodriguez Vazquez v. Bostock, No. 25-6842 (9th Cir. July 30, 2026) (published), expressly rejecting Matter of Yajure Hurtado. The same conclusion is embodied in the final declaratory judgment in Maldonado Bautista v. Santacruz, No. 5:25-cv-01873-SSS-BFM (C.D. Cal. Dec. 18, 2025), which the Ninth Circuit left in effect within the Central District of California when it stayed the judgment's nationwide application pending appeal (Nos. 25-7958, 26-1044, Mar. 31, 2026).

27. The Government cannot switch tracks. Having released Petitioner under § 236 in January 2024, DHS cannot now re-characterize him as a § 1225 "applicant for admission" to avoid the custody determination that § 1226(a) requires. Jaraba Oliveros v. Kaiser, No. 5:25-cv-07117-BLF, 2025 WL 2677125 (N.D. Cal. Sept. 18, 2025); Sharma v. Casey, No. 3:25-cv-03335-BAS-DDL (S.D. Cal. Dec. 18, 2025). Nor is any deference owed to the Board's contrary reading: under Loper Bright Enterprises v. Raimondo, 603 U.S. 369, 394, 412 (2024), this Court exercises independent judgment on the meaning of §§ 1225 and 1226.

28. Due process protects a released noncitizen's liberty. "Freedom from imprisonment — from government custody, detention, or other forms of physical restraint — lies at the heart of the liberty that [the Due Process] Clause protects." Zadvydas v. Davis, 533 U.S. 678, 690 (2001). Civil immigration detention comports with due process only when it bears a reasonable relation to a legitimate purpose — preventing flight or protecting the community — and is accompanied by adequate procedural protections. Id.; Singh v. Holder, 638 F.3d 1196, 1203–05 (9th Cir. 2011). A noncitizen whom DHS has released pending proceedings acquires a protected liberty interest in remaining out of custody, and the Government may not revoke that liberty without notice, a statement of reasons, and a hearing before a neutral decision-maker at which the Government demonstrates materially changed circumstances. Perez Bueno v. Janecka, No. 5:25-cv-03376-CAS-BFM (C.D. Cal. Feb. 5, 2026); Romero Sanchez v. LaRose, No.

3:25-cv-03136-JLS-JLB (S.D. Cal. Dec. 3, 2025); Haile v. Marrero, No. 3:26-cv-00944-RBM-MMP (S.D. Cal. Mar. 3, 2026); Yordi C.C. v. Warden, Cal. City Corr. Ctr., No. 2:26-cv-00650-TLN-CSK (E.D. Cal. Mar. 12, 2026); Martinez-Gutierrez v. Noem, No. 1:26-cv-00421-DJC-CSK (E.D. Cal. Feb. 2, 2026). The adequacy of process is measured under Mathews v. Eldridge, 424 U.S. 319, 335 (1976).

29. The revocation regulation supplies no process and cannot displace the Constitution. The Government may point to 8 C.F.R. § 236.1(c)(9), which provides that a release "may be revoked at any time in the discretion of" certain officials, and to the I-220A's warning that release may be revoked for non-compliance. But the regulation is silent as to procedure, and "the Due Process Clause . . . may require greater procedural protections than a statutory or regulatory scheme provides." Perez Bueno, slip op. at 5. Every court in this Circuit to reach the question has required notice and a pre-deprivation hearing notwithstanding the regulation's language. Moreover, Petitioner did not breach the condition that he "not violate any local, State, or Federal laws": an arrest is an accusation, not a violation, and "[a]n uncorroborated police report cannot, by itself, establish dangerousness." Picado v. Hyde, No. 26-cv-065-JJM-PAS (D.R.I. Feb. 9, 2026); accord Vargas Monsalve, No. 1:26-cv-00626 (DUI arrest of a recognizance releasee did not justify re-detention without notice or a pre-detention hearing).

## VII. CLAIMS FOR RELIEF

**COUNT ONE — Fifth Amendment Procedural Due Process: Revocation of Release and**

**Re-Detention Without Notice, Reasons, or a Pre-Deprivation Hearing**

30. Petitioner realleges paragraphs 1 through 29. DHS released Petitioner under § 1226(a) on January 28, 2024, and he lived at liberty in compliance with the Government's conditions for thirty-one months. That release created a protected liberty interest and a reliance interest of the highest order. Respondents extinguished it without notice, without a statement of reasons, without any finding that a condition of release had

been violated or that circumstances had materially changed, and without any hearing before a neutral decision-maker — before or after the deprivation.

31. Each Mathews factor condemns that procedure. Petitioner's private interest — freedom from incarceration, his marriage, his children, his medical treatment, and his ability to prepare his asylum case — is paramount. The risk of erroneous deprivation under the procedure Respondents used is total, because there was no procedure at all: the sole "fact" on which Respondents acted is an unadjudicated arrest report. And the Government has no legitimate interest in detaining a person it has already determined is neither dangerous nor a flight risk, Perez Bueno, slip op. at 7–8, while the burden of providing notice and a hearing before revoking release is minimal. Detention for its own sake is not a legitimate governmental interest. Sharma, No. 3:25-cv-03335, slip op. at 5. Petitioner's detention violates the Due Process Clause of the Fifth Amendment.

**COUNT TWO — Fifth Amendment Due Process: Detention Without Any Individualized**

**Determination of Danger or Flight Risk and Without a Legitimate Purpose**

32. Petitioner realleges paragraphs 1 through 31. Civil detention is constitutionally permissible only when it serves a legitimate purpose and is supported by an individualized determination that the detainee is a danger or a flight risk. Zadvydas, 533 U.S. at 690; Singh, 638 F.3d at 1203–05. Respondents have made no such determination. Petitioner has no convictions, complied with his release for thirty-one months, and has every incentive to appear: a pending asylum application, a wife and daughters, a home, and an address known to the Government. His continued detention serves no legitimate purpose and is arbitrary in violation of the Fifth Amendment.

**COUNT THREE — Violation of INA § 236(a), 8 U.S.C. § 1226(a), and 8 C.F.R. § 236.1**

33. Petitioner realleges paragraphs 1 through 32. Petitioner — an interior arrestee with no criminal conviction who was released by DHS under INA § 236 — is detained, if at all lawfully, under 8 U.S.C. § 1226(a), which entitles him to an individualized custody

determination and to release on recognizance or bond absent a showing of danger or flight risk. Respondents have provided no custody determination at all. Any classification of Petitioner under § 1225(b), and any categorical denial of release premised on Matter of Yajure Hurtado or Matter of N-A-G-C-, is contrary to the INA, to Jennings v. Rodriguez, to the Ninth Circuit's published decision in Rodriguez Vazquez v. Bostock, and to the Maldonado Bautista declaratory judgment in force in this District. Further, nothing in 8 C.F.R. § 236.1(c)(9) authorizes the revocation of a § 236 release without a determination that the conditions of release have been breached or that release is no longer appropriate; no such determination was made. Petitioner's detention is therefore without statutory or regulatory authority.

**COUNT FOUR — Administrative Procedure Act, 5 U.S.C. § 706(2)**

34. Petitioner realleges paragraphs 1 through 33. Respondents' revocation of Petitioner's release and his continued detention without notice, findings, or process, and any reliance on Matter of Yajure Hurtado to deny him an individualized custody determination, constitute final agency action that is arbitrary, capricious, an abuse of discretion, contrary to constitutional right, and in excess of statutory authority. 5 U.S.C. § 706(2)(A)–(C). After Loper Bright, no deference cures these defects.

## VIII. RELEASE BY THIS COURT IS THE ONLY ADEQUATE REMEDY — A CUSTODY HEARING AT ADELANTO WOULD BE FUTILE

35. Petitioner does not ask this Court to remand him to the Immigration Judge for a bond hearing, because a post-deprivation hearing cannot remedy the violation pleaded here and because none worth having is available. The constitutional wrong was the revocation of an existing liberty without pre-deprivation process; the cure for that wrong is restoration of the liberty the Government took, not a new proceeding in which Petitioner must earn it back. Haile, No. 3:26-cv-00944, slip op. at 4; Perez Bueno, slip op. at 8–9; Romero Sanchez, No. 3:25-cv-03136 (Dec. 3, 2025), slip op. at 8. Moreover, the Immigration Judges sitting at the Adelanto Immigration Court, bound by Matter of Yajure Hurtado and Matter of N-A-G-C- and by current EOIR directives, categorically

decline to consider bond for detainees whom DHS designates under § 1225, regardless of individual circumstances. Since September 2025, EOIR has terminated or constructively discharged well over one hundred immigration judges, and the sharply reduced Board issues overwhelmingly pro-Government custody decisions. In that forum the outcome of any custody hearing is preordained; a remand would be a hollow formality that prolongs, rather than remedies, the constitutional violation. The only adequate remedy is the writ itself: immediate release, or at minimum release on the conditions under which Petitioner lived lawfully for thirty-one months, with an order that he not be re-detained absent notice and a hearing at which the Government bears the burden of proving, by clear and convincing evidence, materially changed circumstances establishing danger or flight risk.

## IX. DECLARATORY RELIEF

36. An actual controversy exists within the meaning of 28 U.S.C. § 2201. Petitioner is entitled to a declaration that (a) his detention is governed by 8 U.S.C. § 1226(a), not § 1225(b); (b) the revocation of his January 28, 2024 release and his re-detention without notice, a statement of reasons, a finding of changed circumstances, or a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment, INA § 236(a), and 8 C.F.R. § 236.1; and (c) an unadjudicated arrest, without more, is not a lawful basis to revoke a § 1226(a) release.

## X. PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

1. ISSUE an Order to Show Cause pursuant to 28 U.S.C. § 2243 directing Respondents to show cause within three (3) days why the writ should not be granted;

2. ISSUE a Writ of Habeas Corpus ordering Respondents to IMMEDIATELY RELEASE Petitioner from custody on his own recognizance; or, in the alternative, to release him forthwith on conditions no more restrictive than those set forth in the Form I-220A Order of Release on Recognizance dated January 28, 2024;

3. ORDER that Respondents shall not re-detain Petitioner absent written notice of the reasons, and a hearing before a neutral decision-maker at which Respondents bear

the burden of establishing, by clear and convincing evidence, materially changed circumstances demonstrating that he is a danger to the community or a flight risk;

4. DECLARE that Petitioner's detention is governed by 8 U.S.C. § 1226(a); that the revocation of his release and his re-detention without notice or a pre-deprivation hearing violated the Fifth Amendment, INA § 236(a), and 8 C.F.R. § 236.1; and that an unadjudicated arrest is not a lawful basis to revoke a § 1226(a) release;

5. ORDER Respondents to return to CRISTHIAN FERNEY AGUIRRE SANCHEZ all personal property, identity documents, and belongings seized from or held in connection with his arrest and detention, and to file a status report within three (3) days of release confirming his release and the return of his property;

6. AWARD Petitioner reasonable attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, to be requested by a properly filed separate motion; and

7. GRANT such further relief as this Court deems just and proper.

Respectfully submitted,
Dated: September 2, 2026

Christopher J. DeSalva
CHRISTOPHER J. DESALVA, ESQ.
Law Office of Christopher Joseph DeSalva
Attorney for Petitioner
Cristhian Ferney Aguirre Sanchez

**VERIFICATION**

I, Christopher J. DeSalva, declare as follows:

I am the attorney for Petitioner Cristhian Ferney Aguirre Sanchez in this action. Petitioner is detained in the custody of Respondents at the Adelanto ICE Processing Center and is therefore unable to verify this Petition personally. Pursuant to 28 U.S.C. § 2242, I make this verification on his behalf. I have read the foregoing Verified Petition for Writ of Habeas Corpus. The facts stated therein are based on my review of Petitioner's immigration records, the exhibits filed herewith, and information provided by Petitioner and his family, and are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 2, 2026, at Indio, California.

Christopher J. DeSalva

CHRISTOPHER J. DESALVA, ESQ.
Attorney for Petitioner

**CERTIFICATE OF SERVICE**

I, Dr. Victor M. Viruena, declare that on September 2, 2026, acting on behalf of Christopher J. DeSalva, Esq., counsel for Petitioner, I caused the foregoing VERIFIED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241, with all exhibits, to be filed electronically with the Clerk of the Court through the CM/ECF system, which sends notice of the filing to all Respondents and counsel of record, including the United States Attorney's Office for the Central District of California. Service is complete upon electronic filing pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Rule 5-3.2.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 2, 2026, at Palm Desert, California.

Victor Viruena
DR. VICTOR M. VIRUENA
On behalf of Christopher J. DeSalva, Esq.