**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CRISTHIAN FERNEY AGUIRRE SANCHEZ,<br>Petitioner,<br>v.<br>FERETI SEMAIA, et al.,<br>Respondents. | Case No. 5:26-cv-05061-MBK<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner Cristhian Ferney Aguirre Sanchez, a citizen of Colombia, is in the custody of the Department of Homeland Security ("DHS") at the Adelanto Detention Facility. Petitioner entered the United States without inspection in January 2024. Immigration authorities apprehended him shortly thereafter and released him on an Order of Recognizance while he pursues his asylum claim in Immigration Court. Over the past two years, Petitioner has married, raised two minor children, complied with his supervision conditions, and lived at a fixed address known to the Government.

On August 24, 2026, immigration authorities re-detained Petitioner after he was arrested on suspicion of driving under the influence. In this

habeas action, Petitioner challenges the legality of his ongoing detention under the Due Process Clause, the Immigration and Nationality Act, and the Administrative Procedure Act. Respondents filed an Answer in which they concede that Petitioner is eligible to request a bond hearing under 8 U.S.C. § 1226(a), but oppose any further relief. Respondents do not, however, meaningfully address the merits of Petitioner's due process, Immigration and Nationality Act, or Administrative Procedure Act claims.

For the reasons that follow, the Court concludes that Petitioner's re-detention violates due process. The Court therefore grants the Petition and issues a writ of habeas corpus requiring Petitioner's immediate release.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner first entered the United States at or near San Luis, Arizona, on or about January 27, 2024. Dkt. 1 at 6; Dkt. 7-1 at 2. He was apprehended by Customs and Border Protection ("CBP") shortly thereafter and detained at the Yuma Sector Centralized Processing Center. Dkt. 7-1 at 2. On January 28, 2026, CBP served him with a Notice to Appear that charged him under INA § 212(a)(6)(A)(i) as a noncitizen present in the United States without admission or parole. Dkt. 1 at 6; Dkt. 7-1 at 2. CBP then released Petitioner from the detention center on his own recognizance. Dkt. 1 at 6; Dkt. 7-1 at 2. Petitioner received a G-56 form directing him to report to the ICE Los Angeles office within sixty days for continued processing. Dkt. 1 at 6. He reported as directed and has remained in contact with ICE ever since. *Id.* at 7.

On March 27, 2025, Petitioner married in Los Angeles County. *Id.* He has two minor daughters. *Id.* He holds a California driver's license. *Id.* From January 2024 through August 2026, he lived at fixed addresses known to the Government. *Id.* Before August 24, 2026, DHS had never notified Petitioner

that he had violated any conditions of his release or otherwise sought to revoke his release. *Id.* On April 17, 2026, the Executive Office of Immigration Review accepted his filing fee for his asylum application. *Id.* That application remains pending. *Id.*

On August 23, 2026, local police officers arrested Petitioner on suspicion of driving under the influence. *Id.* Petitioner has not been charged and is not aware of a criminal complaint filed against him. *Id.* On August 24, 2026, ICE took Petitioner into immigration custody and transported him to the Adelanto Detention Facility. *Id.* at 8. Petitioner has no criminal history, no prior removal or deportation orders, and no pending criminal case. *Id.*

On September 2, 2026, Petitioner filed the instant habeas petition, alleging that his re-detention violates his right to due process and that his arrest and re-detention without individualized pre-deprivation notice violated both the Administrative Procedure Act and the Immigration and Nationality Act. *Id.* at 10-13. He requested immediate release on his own recognizance or, alternatively, on conditions no more restrictive than those he received when he was first detained and released in January 2024. *Id.* at 13.

On September 10, 2026, Respondents filed their response, conceding that Petitioner is eligible to request a bond hearing under 8 U.S.C. § 1226(a). Dkt. 7. Respondents opposed outright release because this purportedly was Petitioner's "first detention" after having entered the United States at an "unknown date/time without inspection." *Id.* at 2. Respondents also attached Petitioner's Form I-213 as an exhibit, which stated that a Border Patrol agent in Yuma, Arizona, encountered and apprehended Petitioner on January 27, 2024, and detained him at the Yuma Sector Centralized Processing Center, and later "released [him] on his own recognizance . . . ." *Id.*

As of the date of this order, Petitioner has not filed a reply.

## II. DISCUSSION

Petitioner argues that he is entitled to release because: (1) he was detained without a pre-deprivation "hearing before a neutral decision-maker" or "any finding that a condition of release had been violated or that circumstances had materially changed"; (2) his ongoing detention violates substantive due process because it does not advance any legitimate governmental purpose; (3) his detention without a bond hearing violates 8 U.S.C. § 1226(a); and (4) his re-detention "without notice, findings, or process" "is arbitrary, capricious, an abuse of discretion, contrary to constitutional right, and in excess of statutory authority" in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A)-(C). Dkt. 1 at 10-12.

In their Answer, Respondents state that: "Petitioner appears to be entitled to request and receive an initial bond hearing pursuant to *Rodriguez Vazquez v. Bostock*, --- F.4th ---, 2026 WL 2196424 (9th Cir. 2026) (finding "that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A).")." Dkt. 7 at 2. Respondents argue that "Petitioner is properly detained pending such potential bond proceedings" and that they "oppose outright release because this is the first detention of an alien who entered the United States on an unknown date/time without inspection or authorization from an immigration officer." *Id*. They further argue that the Court should decline to consider Petitioner's claims because he has not exhausted administrative remedies by seeking a bond hearing in Immigration Court. *Id*.

The Court begins by addressing Respondents' exhaustion argument, before turning to the merits of Petitioner's statutory and constitutional claims.

### A. Petitioner Has Shown He is Entitled to a Waiver of

**Exhaustion**

Respondents argue that Petitioner's claims are "defective" because he has not exhausted administrative remedies by seeking a bond hearing in Immigration Court. Dkt. 7 at 2. In his Petition, Petitioner argues that he is entitled to a waiver of exhaustion because it would be "futile," the Board of Immigration Appeal's views on Petitioner's statutory claim are set, and "the constitutional and statutory questions presented are ones the agency has no authority to resolve." Dkt. 1 at 5.

While administrative exhaustion is not a jurisdictional requirement for habeas petitions filed under 28 U.S.C. § 2241, courts typically "require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241" as a "prudential matter." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). But because exhaustion is not jurisdictional, courts "have discretion to waive a prudential requirement." *Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir. 2004). Waiver is appropriate where "administrative remedies are inadequate or efficacious" or "pursuit of administrative remedies would be a futile gesture." *Id.* at 1000.

The Court agrees with Petitioner that a waiver of exhaustion is warranted given the nature of his claims. Petitioner argues that "the Government deprived him of liberty without a pre-deprivation hearing" and "a bond hearing held only after he has been jailed cannot cure that violation." Dkt. 1 at 5. The BIA would not consider such a claim because it "does not have jurisdiction to determine the constitutionality of the statutes it administers." *Padilla-Padilla v. Gonzales*, 463 F.3d 972, 977 (9th Cir. 2006); *See In Re Fuentes-Campos*, 21 I. & N. Dec. 905, 912 (BIA 1997) ("It is well settled that we lack jurisdiction to rule on the constitutionality of the Act and the regulations we administer."). In any event, the Government does not contest

the facts alleged in the Petition or the merits of Petitioner's claims. As a result, resolution of Petitioner's claims is not "fact-intensive" and an "'administrative appellate record is not necessary to resolve'" them. *Miri v. Bondi*, No. 5:26-CV-00698-MEMF-MAR, 2026 WL 622302, at *10–11 (C.D. Cal. Mar. 5, 2026) (quoting *Hernandez v. Sessions*, 872 F.3d 976, 989 (9th Cir. 2017)).

Accordingly, the Court waives the prudential exhaustion requirement.

**B. Petitioner's Due Process and APA Claims**

Petitioner argues that, *inter alia*, his detention without pre-deprivation notice or a hearing violates due process. Dkt. 1 at 10. Respondents do not directly address Petitioner's due process claim, the authority he cites, or the application of the *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) due process framework. Respondents generally argue that Petitioner's detention is authorized by 8 U.S.C. § 1226(a), but "the Due Process Clause of the Constitution may require greater procedural protections than a statutory or regulatory scheme provides when freedom from imprisonment is at stake." *Perez Bueno v. Janecka*, No. 5:25-cv-03376-CAS-BFM, 2026 WL 309934, at *3 (C.D. Cal. Feb. 5, 2026).

Moreover, Respondents' Answer appears to rest on a factual error. Respondents state they oppose outright release because this is the "first detention" of a noncitizen who entered the country at an "unknown date/time without inspection or authorization from an immigration officer." Dkt. 7 at 2. However, Respondents' attached exhibit (Petitioner's Form I-213) states that Petitioner was detained by CBP near the border in Yuma, Arizona, on January 27, 2024, and released on his own recognizance the following day. Dkt. 7-1. Respondents' exhibit is consistent with the Petition and its accompanying exhibits, which document that Petitioner was released on an

Order of Recognizance. Dkt. 1-1 at 3.

Respondents' failure to meaningfully contest Petitioner's due process claim in their Answer—apart from misconstruing the facts on which it relies—is a concession that the Petition should be granted. *See Rojas v. Mullin*, No. 26-cv-1437-FMO-MAA, 2026 WL 1105039, at *1 (C.D. Cal. Apr. 17, 2026) (granting petition where "the court construes respondents' failure to address petitioner's due process claim as a concession"); *E-M- v. Hermosillo*, No. 3:25-cv-1083-SI, 2026 WL 883776, at *1 (D. Or. Mar. 31, 2026) ("Respondents do not challenge Count Three on the merits and thus the Court finds that Respondents have waived any such challenge and conceded those aspects of Count Three of the Petition"); *Khoury v. Noem*, No. 5:26-cv-00113-SRM-MBK, 2026 WL 846040, at *3 (C.D. Cal. Jan. 22, 2026) (granting TRO requiring the petitioner's release where "the Court construes Respondents' failure to address this argument as a concession that Petitioner is likely to succeed on the merits of this claim"); *Soleimani v. Larose*, No. 25-cv-3082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because, "[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims").

In light of Respondents' non-opposition, the Court finds that Petitioner has shown that his re-detention violates due process. This Court has previously found the Government violated due process by re-detaining a noncitizen in comparable circumstances without a pre-deprivation hearing or a material change in circumstances. *See, e.g., Sun v. Warden of Adelanto ICE Processing Center, et al.*, No. 5:26-CV-03595-MBK, 2026 WL 2058437, at *1 (C.D. Cal. July 14, 2026); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at *4 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026). Based on

Respondents' non-opposition and the reasoning in these decisions, the Court concludes that Petitioner's re-detention violates due process.

Because Petitioner's detention has been unlawful from the outset, the Court concludes that "Petitioner's prompt release is the remedy that will best return Petitioner to the status quo and restore his position as it was prior to the" constitutional violation. *Chowdhury v. Lyons*, No. 5:26-cv-01252-MEMF-E, 2026 WL 1045562, at *7 (C.D. Cal. Apr. 13, 2026); *Movsesyan v. Bondi*, No. 5:26-cv-00875-MBK, 2026 WL 712824, at *4 (C.D. Cal. Mar. 9, 2026). "[C]ourts in this District have concluded that a post-deprivation bond hearing ordinarily 'is not an adequate substitute' for a pre-deprivation hearing." *Herman v. DHS*, No. 5:26-cv-01995-MBK, 2026 WL 1723960, at *5 (C.D. Cal. June 12, 2026) (collecting cases). This is because "the purpose of habeas remedies is to put the defendant back in the position he would have been in if the constitutional violation never occurred." *Lujan v. Garcia*, 734 F.3d 917, 935 (9th Cir. 2013) (cleaned up). *See also United States v. Stein*, 541 F.3d 130, 146 (2d Cir. 2008) (recognizing that the "[t]he appropriate remedy for a constitutional violation is one that as much as possible restores" a litigant "to the circumstances that would have existed had there been no constitutional error") (cleaned up). This principle has particular force where, as here, the protections at issue are intended to prevent an unlawful detention in the first place. *See United States v. Morrison*, 449 U.S. 361, 364 (1981) (observing "the general rule that remedies should be tailored to the injury suffered").

## III. CONCLUSION

For the foregoing reasons, the Court ORDERS that: (1) Judgment be entered granting the Petition; (2) a writ of habeas corpus be issued requiring Petitioner Cristhian Ferney Aguirre Sanchez's (A# 245-768-556) immediate

release and prohibiting his re-detention without a hearing before a neutral decisionmaker where the Government must show material changed circumstances justifying Petitioner's detention; and (3) Respondents shall file a status report no later than three (3) days from the date of this Order confirming that Petitioner has been released from Respondents' custody consistent with this order.

Dated: September 15, 2026

HON. MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE